IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| James Price, ) | C/A No.: 3:05-419-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER DISMISSING ACTION** |
| Dr. Russell Hughes; Brenda Young-Rice; ) | |
| Fred Pauer; Rev. Smith; Lt. Abney, in their ) | |
| personal capacities; and South Carolina ) | |
| Department of Mental Health, for injunctive ) | |
| relief, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("the Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.).

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The defendants filed a motion for summary judgment on February 16, 2006. The plaintiff was advised, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter-affidavits could result in dismissal of the complaint. The plaintiff did not respond.

The Magistrate Judge then entered another order on April 10, 2006, allowing the plaintiff an additional 15 days to advise the court whether he wished to continue to prosecute this action. As of the date of this order, the plaintiff has yet to respond.

The United States Magistrate Judge to whom this matter was referred has recommended that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with orders of the court. The undersigned has reviewed the record in this case, as well as the Report, and finds the Report proper. The Report shall be incorporated herein by reference.

Accordingly, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. Rule 41(b).

IT IS SO ORDERED.

May 24, 2006                                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                                United States District Judge